UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ISHMAEL FIGUEROA SERRANO,<br><br>            Petitioner<br><br>    v.<br><br>B. MASON, *et al.*,<br><br>            Respondents. | CIVIL ACTION NO. 1:23-cv-00923<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Petitioner Ishmael Figueroa Serrano ("Serrano") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a judgment and conviction imposed in the Court of Common Pleas of Fulton County, Pennsylvania. (Doc. 1). For the reasons set forth below, the Court will deny Serrano's writ of habeas corpus.

**I.     BACKGROUND AND PROCEDURAL HISTORY[1]**

On January 2, 2019, Serrano, who was on parole, was visited by his parole officer following a tip that Serrano was in possession of a firearm. (Doc. 21-1, at 2). Serrano is a felon and is prohibited from possessing firearms. (Doc. 21-1, at 2). Serrano ultimately admitted to his parole officer that he was in possession of a firearm. (Doc. 21-1, at 2). Pennsylvania State Police and Serrano's parole officer searched his residence and found a rifle. (Doc. 21-1, at 2). Serrano was then arrested and charged with a single count of unlawfully possessing a firearm.

---

[1] A federal habeas court may take judicial notice of state court records. *Minney v. Winstead*, 2013 WL 3279793, at *2 (W.D. Pa. June 27, 2013); *see also Reynolds v. Ellingsworth*, 843 F.2d 712, 714 n.1 (3d Cir. 1988). Accordingly, in reviewing this petition, the Court takes judicial notice of the publicly available dockets of criminal and collateral post-conviction proceedings in the Court of Common Pleas of Fulton County, the Pennsylvania Superior Court, and the Pennsylvania Supreme Court.

(Doc. 21-1, at 2-3). In the criminal complaint, the trooper indicated that the offense occurred on January 2, 2019. (Doc. 21-1, at 3).

On December 18, 2019, following a jury trial, Serrano was found guilty of persons not to possess firearms pursuant to 18 PA. CONS. STAT. § 6105(a)(1). *Commonwealth v. Serrano*, No. CP-29-CR-0000003-2019 (Pa. Ct. Com. Pl. Fulton Cnty.). On December 31, 2019, the trial court sentenced Serrano to a term of imprisonment of 60 to 120 months. *Commonwealth v. Serrano*, No. CP-29-CR-0000003-2019. Serrano filed a timely post-sentence motion challenging the weight of the evidence, which was denied on April 7, 2020. *Commonwealth v. Serrano*, No. CP-29-CR-0000003-2019. He then filed a timely direct appeal. *Commonwealth v. Serrano*, No. 693 MDA 2020 (Pa. Super.). On December 21, 2020, the Pennsylvania Superior Court affirmed the judgment of sentence. *Commonwealth v. Serrano*, 245 A.3d 1089, 2020 WL 7496476 (Pa. Super.). Serrano did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

On January 25, 2021, Serrano filed a *pro se* petition for post-conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46. (Doc. 1, at 3). PCRA counsel was subsequently appointed, and counsel filed an amended PCRA petition. (*See* Doc. 21-4). Following an evidentiary hearing, the PCRA court denied the petition. (Doc. 21-4). Serrano filed a timely appeal with the Pennsylvania Superior Court. *Commonwealth v. Serrano*, No. 199 MDA 2022 (Pa. Super.). On October 14, 2022, the Pennsylvania Superior Court affirmed the PCRA court's decision denying the petition. *Commonwealth v. Serrano*, 287 A.3d 861, 2022 WL 7831929 (Pa. Super. 2022), *appeal denied*, 294 A.3d 298 (2023). On March 15, 2023, the Pennsylvania Supreme Court denied Serrano's

petition for allowance of appeal. *Commonwealth v. Serrano,* 294 A.3d 298, No. 524 MAL 2022 (Pa. 2023).

Thereafter, Serrano timely filed the instant petition pursuant to 28 U.S.C. § 2254. (Doc. 1).

## II. HABEAS CLAIMS PRESENTED FOR FEDERAL REVIEW

Serrano seeks habeas relief on the following grounds:

- Ground One: Trial counsel was ineffective for failing to request a jury instruction in response to the following question posed by the jury during deliberations: "Do the current charges apply to other times he may have possessed the firearm?" (Doc. 1, at 5).

- Ground Two: PCRA counsel was ineffective for failing to raise a claim that trial counsel was ineffective for failing to introduce Facebook messages between two Commonwealth witnesses—Serrano's ex-girlfriend and the previous owner of Serrano's rifle.

- Ground Three: PCRA counsel was ineffective for failing to raise the issue of cumulative prejudice.

(Doc. 1; *see also* Doc. 13).

## III. LEGAL STANDARDS

The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). A habeas corpus petition pursuant to § 2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 498-99 (1973). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991). Rather, federal habeas review is restricted to claims based "on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Estelle,* 502 U.S. at 68.

3

A. E̲x̲h̲a̲u̲s̲t̲i̲o̲n̲ ̲a̲n̲d̲ ̲P̲r̲o̲c̲e̲d̲u̲r̲a̲l̲ ̲D̲e̲f̲a̲u̲l̲t̲

A habeas petitioner must exhaust state court remedies before obtaining habeas relief. 28 U.S.C. § 2254(b)(1)(A). The traditional way to exhaust state court remedies in Pennsylvania was to fairly present a claim to the trial court, the Pennsylvania Superior Court, and the Pennsylvania Supreme Court. *See Evans v. Court of Common Pleas, Delaware County*, 959 F.2d 1227, 1230 (3d Cir. 1992). However, in light of Pennsylvania Supreme Court Order No. 218, issued May 9, 2000, ("Order No. 218"), it is no longer necessary for Pennsylvania inmates to seek allocatur from the Pennsylvania Supreme Court in order to exhaust state remedies under 28 U.S.C. § 2254(c). *See Lambert v. Blackwell*, 387 F.3d 210, 233-34 (3d Cir. 2004) ("We now hold that Order No. 218 renders review from the Pennsylvania Supreme Court 'unavailable' for purposes of exhausting state court remedies under § 2254(c).").[2] The habeas petitioner has the burden of proving exhaustion. *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997).

A petitioner's failure to exhaust his state remedies may be excused in limited circumstances on the ground that exhaustion would be futile. *Lambert*, 134 F.3d at 518-19. Where such futility arises from a procedural bar to relief in state court, the claim is subject to the rule of procedural default. *See Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). In addition, if the state court does not address the merits of a claim because the petitioner failed

---

[2] In May 2000, the Pennsylvania Supreme Court issued an order, Order No. 218, rendering review from the Pennsylvania Supreme Court "unavailable" for purposes of exhausting state court remedies for federal habeas petitions under 28 U.S.C. § 2254(c). *Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004) (interpreting *In re: Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, No. 218 Judicial Administration Docket No. 1 (Pa. May 9, 2000) ("Order No. 218")). This means that, for purposes of federal habeas review under § 2254, a person in Pennsylvania custody "need not seek review from the Pennsylvania Supreme Court" in order to have exhausted state remedies and seek federal habeas review. *Lambert*, 387 F.3d at 210.

4

to comply with the state's procedural rules in presenting the claim, it is also procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

If a claim is found defaulted, the federal court may address it only if the petitioner establishes cause for the default and prejudice resulting therefrom, or that a failure to consider the claim will result in a fundamental miscarriage of justice. *Werts*, 228 F.3d at 192. To meet the "cause" requirement to excuse a procedural default, a petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Werts*, 228 F.3d at 192-93 (quoting and citing *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986)). Additionally, the United States Supreme Court carved out a "narrow exception" to procedural default in *Martinez v. Ryan*, 566 U.S. 1 (2010). *Martinez* holds that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez*, 566 U.S. at 9. *Martinez* also recognizes that a finding of cause and prejudice to excuse procedural default "does not entitle the prisoner to habeas relief. It merely allows a federal court to consider the merits of a claim that otherwise would have been procedurally defaulted." *Martinez*, 566 U.S. at 17.

To successfully invoke the *Martinez* exception, a petitioner must establish: (1) that the underlying, otherwise defaulted claim of ineffective assistance of trial counsel is "substantial," meaning that it has "some merit"; and (2) that the petitioner had "no counsel" or "ineffective" counsel during the initial phase of state collateral review. *Martinez*, 566 U.S. at 14. Whether a claim is "substantial" under *Martinez* is "analogous to the substantiality requirement for a certificate of appealability." *Cox v. Horn*, 757 F.3d 113, 119 (3d Cir. 2014) (citing *Martinez*, 566 U.S. at 14). "Thus, the question, for *Martinez* purposes, is merely whether 'reasonable jurists

5

could debate' that [a petitioner's ineffective-assistance-of-trial-counsel] claim has merit, or whether the claim is 'adequate to deserve encouragement to proceed further.'" *Preston v. Superintendent Graterford SCI*, 902 F.3d 365, 377 (3d Cir. 2018) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 483 (2000))).

The *Martinez* Court cautioned that its holding did not apply to counsel's error in other kinds of proceedings, such as "appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts." *Martinez*, 566 U.S. at 16. Its "equitable ruling" was designed to reflect the "importance of the right to effective assistance of counsel." *Martinez*, 566 U.S. at 16. In order to establish such "cause," a petitioner must show that the state courts did not appoint counsel during the initial-review collateral proceeding for a claim of ineffective assistance at trial, or where counsel was appointed, that counsel was ineffective under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 686 (1984). *Martinez*, 566 U.S. at 14. Further, *Martinez* does not excuse the non-cognizability of a petitioner's PCRA counsel ineffectiveness claims. *Martinez*, 566 U.S. at 14. Under *Martinez*, only the procedural default of an underlying claim may be excused, and that is if the underlying claims allege ineffectiveness of trial counsel. *Martinez*, 566 U.S. at 14.

B. MERITS STANDARD

Once a court has determined that the exhaustion requirement is met and, therefore, that review on the merits of the issues presented in a habeas petition is warranted, the scope of that review is set forth in 28 U.S.C. § 2254(d). Section 2254(d) provides, in pertinent part, that an application for a writ of habeas corpus premised on a claim previously adjudicated on the merits in state court shall not be granted unless:

> (1) [the decision] was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) [the decision] was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). To establish that the decision was contrary to federal law "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent requires the contrary outcome." *Matteo v. Superintendent*, 171 F.3d 877, 888 (3d Cir. 1999). Similarly, a federal court will only find a state court decision to be an unreasonable application of federal law if the decision, "evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." *Matteo*, 171 F.3d at 888.

Further, under 28 U.S.C. § 2254(e)(1), a federal court is required to presume that a state court's findings of fact are correct. A petitioner may only rebut this presumption with clear and convincing evidence of the state court's error. *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions); *Matteo*, 171 F.3d at 888; *Thomas v. Varner*, 428 F.3d 492, 497-98 (3d Cir. 2005). This presumption of correctness applies to both explicit and implicit findings of fact. *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000). Consequently, a habeas petitioner "must clear a high hurdle before a federal court will set aside any of the state court's factual findings." *Mastracchio v. Vose*, 274 F.3d 590, 597-98 (1st Cir. 2001).

Like the "unreasonable application" prong of paragraph (1), a factual determination should be adjudged "unreasonable" under paragraph (2) only if the court finds that a rational

jurist could not reach the same finding on the basis of the evidence in the record. 28 U.S.C. § 2254(d)(2); *Porter v. Horn*, 276 F. Supp. 2d 278, 296 (E.D. Pa. 2003); *see also Torres v. Prunty*, 223 F.3d 1103, 1107-08 (9th Cir. 2000); *cf. Jackson v. Virginia*, 443 U.S. 307, 316 (1979). "This provision essentially requires the district court to step into the shoes of an appellate tribunal, examining the record below to ascertain whether sufficient evidence existed to support the findings of fact material to the conviction." *Breighner v. Chesney*, 301 F. Supp. 2d 354, 364 (M.D. Pa. 2004) (citing 28 U.S.C. § 2254(d)(2) and (f)[3]). Mere disagreement with an inferential leap or credibility judgment of the state court is insufficient to permit relief. *Porter*, 276 F. Supp. 2d at 296; *see also Williams v. Taylor*, 529 U.S. 362, 408-09 (2000); *Hurtado v. Tucker*, 245 F.3d 7, 16 (1st Cir. 2001). Only when the finding lacks evidentiary support in the state court record or is plainly controverted by evidence therein should the federal habeas court overturn a state court's factual determination. *Porter*, 276 F. Supp. 2d at 296; *see also Williams*, 529 U.S. at 408-09.

C. Ineffective Assistance of Counsel Standard

The Sixth Amendment right to counsel is the right to the effective assistance of counsel. *Strickland*, 466 U.S. at 686. This right to effective assistance of counsel also extends to the first appeal. *Lewis v. Johnson*, 359 F.3d 646, 656 (3d Cir. 2004). In *Strickland*, the Supreme Court articulated a two-prong test in assessing whether a petitioner has been denied the effective assistance of counsel. *Strickland*, 466 U.S. at 687-88. A petitioner must demonstrate: (1) that his counsel's representation "fell below an objective standard of

---

[3]"If the applicant challenges the sufficiency of the evidence adduced in such State court proceeding to support the State court's determination of a factual issue made therein, the applicant, if able, shall produce that part of the record pertinent to a determination of the sufficiency of the evidence to support such determination." 28 U.S.C. § 2254(f).

8

reasonableness" and (2) that such defective performance caused the petitioner prejudice. *See Strickland*, 466 U.S. at 687-88.

In evaluating the first prong of the *Strickland* test, the court must be "highly deferential" toward counsel's conduct. *Strickland*, 466 U.S. at 689. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689 ("It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable."). "*Strickland* and its progeny make clear that counsel's strategic choices will not be second-guessed by post-hoc determinations that a different trial strategy would have fared better." *Rolan v. Vaughn*, 445 F.3d 671, 681-82 (3d Cir. 2006) (citing *Strickland*, 466 U.S. at 689). Notably, courts will not deem counsel ineffective for failing to raise a meritless argument. *Strickland*, 466 U.S. at 691; *United States v. Saunders*, 165 F.3d 248, 253 (3d Cir. 1999).

To satisfy the prejudice prong, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *See Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Moreover, the petitioner must show that he or she had a reasonable likelihood of prevailing on the motion at issue, and having prevailed on the motion, it was also reasonably likely that the result of the trial would have been different. *See Thomas*, 428 F.3d at 502.

To prevail on a claim for ineffective assistance of counsel, a petitioner must satisfy both prongs of the *Strickland* test. *Carpenter v. Vaughn*, 296 F.3d 138, 149 (3d Cir. 2002). The

inquiry may begin with either the deficient performance or prejudice prong, and the court is not required to consider the second prong of the test if the petitioner is unable to satisfy the first one. *Strickland*, 466 U.S. at 697.

## IV. DISCUSSION

It is first necessary to determine whether Serrano's claims presented in his federal habeas petition have been exhausted in the state courts and, if not, whether the circumstances of his case are sufficient to excuse his procedural default. The Court will then proceed to address the merits of the exhausted claim.[4]

### A. DEFAULTED CLAIMS—GROUNDS TWO AND THREE

Grounds two and three of the habeas petition have not been pursued in the state courts. (Doc. 1, at 7-9). The time for filing both a direct appeal and a PCRA petition has expired, and the state procedural rules prohibit Serrano from bringing these claims in state court. *See* PA. R. APP. P. 903(a) (time for filing a direct appeal); 42 PA. CONS. STAT. § 9545(b)(1) (PCRA statute of limitations); 42 PA. CONS. STAT. § 9544(b) (PCRA waiver rule). Because there are no longer any state remedies available to Serrano, the claims are procedurally defaulted, and review of the claims is barred. *Coleman*, 501 U.S. at 731-32; *Toulson v. Beyer*, 987 F.2d 984, 987 (3d Cir. 1993).

---

[4]"In considering a § 2254 petition, we review the 'last reasoned decision' of the state courts on the petitioner's claims." *Simmons v. Beard*, 590 F.3d 223, 231-32 (3d Cir. 2009) (citing *Bond v. Beard*, 539 F.3d 256, 289-90 (3d Cir. 2008)). Thus, "[w]e review the appellate court decision, not the trial court decision, as long as the appellate court 'issued a judgment, with explanation, binding on the parties before it.'" *Burnside v. Wenerowicz*, 525 F. App'x 135, 138 (3d Cir. 2013) (not precedential). The Pennsylvania Superior Court's opinion, issued on October 14, 2022, will be the primary reference point in addressing Serrano's claims. *Commonwealth v. Serrano*, 287 A.3d 861, 2022 WL 7831929 (Pa. Super.).

Serrano concedes that he procedurally defaulted grounds two and three in his habeas petition, and that these claims were not presented in state court due to PCRA counsel's failure to raise these issues. (Doc. 1, at 7-9). He appears to contend that he can excuse his procedural default of these claims under the *Martinez v. Ryan* exception. (Doc. 1, at 7-9). The Court disagrees.

In ground three, Serrano asserts that PCRA counsel was ineffective for failing to raise a cumulative prejudice claim. (Doc. 1, at 8-9). *Martinez* unequivocally applies only to ineffective assistance of trial counsel claims. Serrano, however, seeks to be excused from the default based on the ineffectiveness of his PCRA counsel's decision not to raise a cumulative prejudice claim during the PCRA proceedings, not PCRA counsel's failure to raise an ineffective assistance of trial counsel claim during the state collateral proceedings. Further, to the extent that Serrano attempts to advance a freestanding claim of ineffective assistance of PCRA counsel, such a claim is not cognizable on federal habeas review. 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."). Consequently, this claim is procedurally defaulted and federal habeas relief is precluded.

In ground two, Serrano asserts that PCRA counsel was ineffective for failing to raise a claim that trial counsel was ineffective for failing to introduce Facebook messages between two Commonwealth witnesses—Serrano's ex-girlfriend and the previous owner of Serrano's rifle. (Doc. 1, at 6-7). Serrano was convicted of persons not to possess firearms pursuant to 18 PA. CONS. STAT. § 6105(a)(1), which provides that "[a] person who has been convicted of an offense enumerated in subsection (b)…shall not possess, use, control, sell, transfer or

11

manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth." 18 PA. CONS. STAT. § 6105(a)(1). Based on Serrano's prior conviction of robbery, he was ineligible to own or possess a firearm. *See* 18 PA. CONS. STAT. § 6105(b); 18 PA. CONS. STAT. § 3701 (relating to robbery). A review of the Facebook messages essentially confirms that Serrano was in possession of a firearm. (Doc. 1-3).

      The thrust of Serrano's claim is that trial counsel should have introduced Facebook messages between his ex-girlfriend, Jessica Moore, and Levi Starliper, the previous owner of the rifle, which Serrano contends would have shown that they provided false testimony and coordinated their testimony. (Doc. 1, at 6; Doc. 13, at 4). The Facebook messages reveal that Moore tried to persuade Starliper to falsely claim that he sold the gun to her by stating: "if anyone ever asks you[,] he never got that one thing from you…you sold it to me not him." (Doc. 1-3, at 3-4). Moore further stated there was "[n]o reason to be worried. It's not illegal to sell a rifle[,] especially to me I don't have a record." (Doc. 1-3, at 4). Starliper replied, "[o]k…hope you guys can beat it." (Doc. 1-3, at 4). The tone of Facebook messages then shifts and Moore states that Serrano was claiming she "set him up" and he was "trying to put everything on [her][,] so don't dare lie for him. He's trying to bring everyone down around him." (Doc. 1-3, at 5). Along with these Facebook messages, Serrano submitted a letter from his trial counsel. (Doc. 1-3, at 2). Therein, his trial counsel acknowledges that he received the Facebook messages but explains that they "basically say that the gun was yours, not hers" which "could hurt you[.]" (Doc. 1-3, at 2).

      Serrano has simply failed to show that his trial counsel performed deficiently by failing to submit the Facebook messages or that he was prejudiced in any way by this purportedly deficient performance. The Facebook messages reveal that Moore and Starliper knew that the

rifle belonged to Serrano. Consequently, Serrano has not established that his underlying ineffective-assistance-of-trial-counsel claim regarding the Facebook messages has some merit, nor has he established that PCRA counsel was ineffective for not raising this meritless ineffective-assistance claim during collateral review. The *Martinez* exception therefore does not apply, and this claim is procedurally defaulted and unreviewable.

    B.    EXHAUSTED CLAIM—GROUND ONE

In ground one of the habeas petition, Serrano asserts that trial counsel was ineffective for failing to request a jury instruction in response to the following question posed by the jury during deliberations: "Do the current charges apply to other times he may have possessed the firearm?" (Doc. 1, at 5; Doc. 13, at 1-4). Serrano raised this issue in his PCRA proceedings. In his PCRA petition, Serrano argued that trial counsel was ineffective for failing to suggest that the trial court use Pennsylvania Suggested Standard Criminal Jury Instruction 3.19. (Doc. 21-4, at 4). The PCRA court found that "Instruction 3.19 would have been the appropriate response to the jury's question" but the court was "unaware of Instruction 3.19."[5] (Doc. 21-4, at 9). The PCRA court found that trial counsel erred in failing to suggest the jury instruction. (Doc. 21-4, at 16). However, the PCRA court then concluded that Serrano failed

---

[5] The PCRA court provided that Instruction 3.19 would have been read as follows:

> The information alleges that the crime was committed on January 2, 2019. You are not bound by the date alleged in the information. It is not an essential element of the crime charged. You may find the defendant guilty if you are satisfied beyond a reasonable doubt that he committed the crime charged [in and around] [on or about] the date charged in the information even though you are not satisfied that he committed it on the particular date alleged in the information.

(Doc. 21-4, at 4-5).

to show that he suffered any prejudice because of this error and that his counsel was not ineffective. (Doc. 21-4, at 16).

On appeal, the Superior Court affirmed the PCRA court's decision and found that Serrano failed to prove that he suffered prejudice from trial counsel's failure to seek the jury instruction. *Commonwealth v. Serrano*, 2022 WL 7831929. The Superior Court addressed this claim in cogent fashion and found as follows:

> Appellant argues that trial counsel should have requested an instruction to the jury—in response to the jury's question and as part of the trial court's instructions in general—that the jury was constrained to the period of "on or about January 2, 2019" in determining whether Appellant possessed the firearm in question.
>
> …
>
> As explained below, Appellant failed to prove that he suffered prejudice from counsel's failure to seek a jury instruction as detailed above.
>
> "[N]o one, including the Commonwealth, ever argued to the jury that they should find Appellant guilty for acts committed at any time other than January 2, 2019." PCRA Court Opinion, 2/22/22, at 2. In fact,
>
>> Trooper Beal repeatedly included the date of January 2, 2019, as the date of the offense. At trial, the Commonwealth sought to prove only that [Appellant] had constructive possession over the firearm on January 2, 2019, and [Appellant]'s trial counsel focused his defense entirely around the events of that date. The Commonwealth did not charge [Appellant] with having possessed the firearm any of the four previous times, providing such evidence only to prove constructive possession. In the Commonwealth's theory of the case, evidence that he had previously possessed the rifle supported their argument that [Appellant] constructively possessed the rifle on January 2, 2019.
>
> *Id.* at 5.
>
> The above summary is an accurate representation of the proceedings below, and falls far short of showing a serious error by trial counsel, let alone one that establishes that the outcome of the trial would have been different had counsel not made that alleged error.

As Appellant is unable to point to anything in the record supporting a finding of actual ineffectiveness, he resorts to a fallback argument, *i.e.*, Appellant argues that the prejudice he suffered from counsel's omission is self-evident, and, as such, it can be presumed. In other words, in Appellant's view, the negative outcome of his trial is itself evidence of the prejudice he suffered. Indeed, Appellant argues that

> [t]he jury's question itself provides adequate proof of a reasonable likelihood that a different result could have occurred had proper instruction on timing been provided.
>
> It takes no speculation to determine that the jury's question had significance to at least one member of the jury. It takes no speculation to determine that the jury had not yet reached a final decision at the time it posed its question. It takes no speculation to determine that the jury was deprived of important law that was in some way relevant to its determination.

Appellant's Brief at 21.

We perceive two problems with Appellant's argument. First, "an analysis [, like the one offered by Appellant,] focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective." *Kimball*, 724 A.2d at 331 (citing *Lockhart v. Fretwell*, 506 U.S. 364, 369-70 (1993)).

Second, this is not an instance where prejudice can be presumed. Indeed, *Cronic* and its progeny limit the *per se* prejudice category to a narrow number of situations where there are some "circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." *Id.* at 658. Presumed prejudice in the context of *per se* trial counsel ineffectiveness "has been applied in three circumstances: where there was an actual or constructive denial of counsel, the state interfered with counsel's assistance, or counsel had an actual conflict of interest" and "is limited to situations where counsel's failure is complete, *i.e.*, where counsel has entirely failed to function as the client's advocate." *Commonwealth v. Lawrence*, 165 A.3d 34, 46 (Pa. Super. 2017) (internal citations omitted).

Appellant claims that the prejudice he suffered should be presumed but fails to address *Cronic* or any other authority supporting the application of the *per se* ineffectiveness analysis to the instant matter. As such, we conclude that the *per se* ineffectiveness analysis is not applicable here.

*Commonwealth v. Serrano*, 2022 WL 7831929, at *2, 3-4.

As stated, Serrano contends that his trial counsel was constitutionally ineffective because he failed to request a jury instruction in response to the jury's question during deliberations. (Doc. 1, at 5; Doc. 13, at 1-4). The Superior Court found that Serrano suffered no prejudice from counsel's failure to request the jury instruction. *Commonwealth v. Serrano*, 2022 WL 7831929, at *2, 3-4. It specifically found that Serrano's claim "falls far short of showing a serious error by trial counsel, let alone one that establishes that the outcome of the trial would have been different had counsel not made that alleged error." *Commonwealth v. Serrano*, 2022 WL 7831929, at *3. Further, the Superior Court noted that Serrano's case did not fall within the limited category of presumed prejudice. *Commonwealth v. Serrano*, 2022 WL 7831929, at *3. In sum, the Superior Court concluded that Serrano failed to show that he suffered prejudice and that "counsel's omission [did not] render[ ] the verdict unreliable." *Commonwealth v. Serrano*, 2022 WL 7831929, at *4.

This Court agrees that the Superior Court's finding—that Serrano did not suffer any prejudice from trial counsel's failure to request the jury instruction—is not an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. In the absence of any prejudice, Serrano cannot, under *Strickland*, establish that he was deprived of the effective assistance of counsel as to this issue. Thus, the Superior Court's denial of this claim was neither contrary to nor an unreasonable application of *Strickland*. Serrano is not entitled to federal habeas relief on this claim.

V. **CERTIFICATE OF APPEALABILITY**

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the

court of appeals from…the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A). It also provides that "[a] certificate of appealability may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. Applying that standard here, jurists of reason would not find it debatable whether Serrano's claims should be denied for the reasons given herein. Accordingly, the Court will not issue a certificate of appealability.

## VI.   CONCLUSION

The Court will deny the § 2254 petition for writ of habeas corpus. (Doc. 1). A separate Order shall issue.

Dated: March 13, 2025                           *s/ Karoline Mehalchick*
                                                **KAROLINE MEHALCHICK**
                                                **United States District Judge**